## LIGHTFOOT v. WILLIAMSON et al.

(Circuit Court of Appeals, Eighth Circuit. August 19, 1922.)

No. 6041.

1. **Public lands ⬤⟿143—State land commissioner's jurisdiction did not extend to adjudicating title to island previously granted to levee district.**

Jurisdiction of the commissioner of state lands, under Act Ark. March 21, 1917, §§ 1, 5 (Acts 1917, pp. 1468, 1470 [Crawford & Moses' Dig. §§ 6796, 6800]), declaring islands formed in navigable waters of the state, since its admission to the Union, to be its property and subject to sale, and providing that said commissioner shall determine preferential rights, did not extend to adjudicating title to such an island, which the state had previously granted to a levee district, and which it had quitclaimed.

2. **Levees and flood control ⬤⟿2—Grant to levee district not repealed by statute declaring islands state property.**

Act Ark. March 21, 1917, § 1 (Acts 1917, p. 1468 [Crawford & Moses' Dig. § 6796]), declaring all islands formed in navigable rivers of the state after its admission into the Union to be the property of the state, and subject to sale, was not intended to repeal Act Ark. March 29, 1893, so far as any such island was included in the grant thereby to a levee district of all lands of the state within the district.

3. **Levees and flood control ⬤⟿7—District and grant held to extend to middle of Mississippi river.**

The levee district created by Act Ark. Feb. 15, 1893 (Acts 1893, p. 24), as amended by Act March 21, 1893 (Acts 1893, p. 119), giving its boundaries, placing its east meander line "along the right bank of the Mississippi river," and providing that it shall contain "all that area which has * * * at any time * * * overflowed by waters of the Mississippi river," had for its eastern boundary the middle of said river, so that an island in that part of the river, formed after admission of the state and belonging to the state, was included in the grant by Act Ark. March 29, 1893 (Acts 1893, p. 172), to the district of all the lands of the state within the district.

Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Action by Carter Lightfoot against Georgia Grider Williamson and others. Judgment for defendants, and plaintiff appeals. Affirmed.

S. L. Gladish, and D. F. Taylor, both of Osceola, Ark., and J. A. Tellier, of Little Rock, Ark., for appellant.

W. J. Driver, S. R. Simpson, and J. T. Coston, all of Osceola, Ark., for appellees.

J. S. Utley, Atty. Gen., for State of Arkansas.

Before CARLAND, Circuit Judge, and MUNGER, District Judge.

CARLAND, Circuit Judge. Appellant brought this action to quiet his title to an island situate in the Mississippi river opposite Mississippi county, Ark., containing 425.14 acres. The island is known as Bullinton Island, and lies west of the middle of the main channel of said river, and has formed since the admission of the state of Arkansas into the Union. Both parties derive their title from the state. The island is lower than the shore line, and overflows at ordinary rises. Appellees and those under whom they claim have held possession and

cultivated same for 40 or 50 years. There is a chute or channel between the island and the right bank of the Mississippi river, in which water flows at some periods of the year. As both parties, however, claim title from the state, it will be unnecessary to consider any other source of title.

The appellant claims under a deed from the state made pursuant to Act March 21, 1917 (Acts 1917, p. 1468 [Crawford & Moses' Digest, §§ 6796 to 6802, both inclusive]). Sections 1 and 5 of the above act read as follows:

"Section 1. That all islands formed or which may form in the navigable rivers or streams of this state, subsequent to the admission of the state of Arkansas into the Union, are hereby declared to be the property of the state, and subject to sale and disposition in the manner and form hereinafter provided."

"Sec. 5. All bona fide claimants of lands of the character described in section 1 hereof, shall have a preference right of one year after the passage of this act to apply for the survey and purchase of lands claimed by them and in event of conflict between applicants, the question of preference rights and procedure to establish the same shall be determined by the commissioner under such rules and regulations as he may prescribe not in conflict with the provisions of this act, and the determination of said commissioner in the absence of fraud or collusion shall be final."

Appellees claim under two quitclaim deeds from the St. Francis levee district, which district, it is claimed, acquired title from the state by the Act of February 15, 1893 (Acts 1893, p. 24), as amended by Act of March 21, 1893 (Acts 1893, p. 119), and Act of March 29, 1893 (Acts 1893, p. 172). The deeds were dated May 14, 1918, and September 5, 1919, and were recorded May 15, 1918, and September 9, 1919, respectively. Appellant's deed was dated September 19, 1918, and was filed for record January 16, 1920.

The Act of February 15, 1893, as amended by the Act of March 21, 1893, described the boundaries of the levee district as follows:

"Section 1. That all that part of this state known as a part of the St. Francis Basin, and more particularly described as follows, to wit: Beginning on the left bank of the St. Francis river, at its confluence with the Mississippi river, thence in a northwesterly direction along said left bank of the St. Francis river to the southern boundary line of Lee county; thence west with said boundary line of Lee county to extreme high water line on the base or slope of high lands; thence in a northerly direction, with the meanderings of the said high water line to the north boundary line of Craighead county; thence east along said north boundary line to the west line of Mississippi county; thence north along said west line to the north line of Mississippi county; thence along said north line of Mississippi county to the Mississippi river; thence in a southerly direction, along the right bank of the Mississippi river to the place of beginning, containing all that area which has heretofore at any time, either directly or indirectly, overflowed by water from the Mississippi river, be and the same is hereby created and constituted a levee district."

The Act of March 29, 1893, declares as follows:

"That for the purpose of assisting the citizens * * * to build and maintain a levee along the St. Francis front in this state, and in consideration of the general good of the state; that all the lands of this state lying within said levee district except the sixteenth section school lands, and all the right or interest the state has or may have within the next five years, by reason of forfeiture for taxes or to any lands within said levee district except said

sixteenth section school lands, is hereby conveyed to said levee district under the following restrictions and limitations."

After the expiration of one year from March 21, 1917, appellant filed an application to purchase the lands in controversy, with the commissioner of state lands, highways and improvements, under the Act of March 21, 1917. The appellees did not know as a matter of fact of the passage of said act, and made no application within the time designated for preferred claimants. They did appear however, and protest against the proceeding of appellant. Their protest was disallowed, and the commissioner granted the land to appellant.

[1-3] It is claimed that this decision of the commissioner is final and conclusive as to the rights of the parties, under the provisions of section 5 of the above-mentioned act. We do not think it is necessary to determine the question as to whether the decision of the commissioner was conclusive or not. If the levee district had title to the land at the date of the quitclaim deeds that title passed to appellees and the commissioner of state lands had no jurisdiction to adjudicate the title. Whether the levee district had title at the time mentioned depends upon the question as to whether the land was within its boundaries. This presents a question of law and fact. We do not think the Act of March 21, 1917, was intended to repeal the Act of March 29, 1893, so far as the grant to the levee district was concerned, and therefore the question is narrowed down to whether the land in question is within the boundaries of the levee district.

The learned District Judge found the question of fact in favor of appellees, and his finding is presumptively correct. The east meander line of the levee district is "along said right bank of the Mississippi river." With this as the meander line, how far did the grant extend? The Act of March 21, 1893, said the grant should contain "all that area which has heretofore at any time either directly or indirectly, overflowed by water from the Mississippi river." The grant from the state to the levee district, according to all the authorities, extended to the middle of the Mississippi river, the eastern boundary of Mississippi county, the levee district, and the state of Arkansas.

We are of the opinion that the judgment of the trial court should be affirmed; and it is so ordered.